OPINION
{¶ 1} Appellants J.C. Meyer Company, Inc. and Tiffany S. Meyer appeal a judgment of the Court of Common Pleas of Richland County, Ohio, which denied their claim for pre-judgment interest on the judgment the court had granted in their favor and against appellee Sondra I. Peirce. Appellants assign two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN DENYING PREJUDGMENT INTEREST TO DEFENDANTS/APPELLANTS IN ITS JANUARY 12, 2005 ORDER BECAUSE THE DOLLAR AMOUNT DUE WAS PRECISE AND THE DATE IT WAS DUE WAS PRECISE.
 {¶ 3} "II. THE TRIAL COURT ERRED IN FAILING TO INCLUDE COUNSEL FOR DEFENDANTS/APPELLANTS IN THE JANUARY 3, 2005 CONFERENCE CALL."
 {¶ 4} The parties were engaged in a contract dispute over the sale of 41 acres of land in Richland County, Ohio. Appellants were the real estate brokers for appellee. Appellee had challenged the enforceability of the sales contract and alleged appellants were not entitled to a sales commission. The trial court found the contract for sale of the property was enforcible and appellants were entitled to a sales commission for this sale, see Peirce v. J.C. Meyer Company, Richland Appellate Nos. 2005CA114 and 2005CA125, ___-Ohio-___.
 {¶ 5} After the court had granted summary judgment in favor of appellants and the buyers of the property, who are not parties to the appeal, the court requested counsel send a letter to the court identifying any additional outstanding issues. Appellants allege they sent a letter to the court indicating the only issue remaining was whether they were entitled to pre-judgment interest. The record does not contain any letter from appellants, although appellee's letter to the court is a part of the record and refers to appellants' letter.
 {¶ 6} On January 3, 2005, the magistrate to whom these matters were referred conducted a conference call with counsel for the other parties but which inadvertently excluded the attorneys for appellants and for the realtor who represented the buyers. The trial court then issued a judgment order ruling on various outstanding motions, stating "if there is in fact a claim for pre-judgment interest by one or both of the realtor-defendants in this case, it is overruled." Judgment entry of January 12, 2005, page 2.
 I. {¶ 7} R.C. 1343.03 provides a creditor is entitled to interest at the rate per annum determined pursuant to R.C.5703.47, unless a written contract provides for a different rate of interest. The Supreme Court has held the award of pre-judgment interest in a breach of contract case is not discretionary, see, e.g., Royal Electric Construction Corporation v. Ohio StateUniversity, 73 Ohio St. 3d 110, 1995-Ohio-131. The only question for the trial court is to determine when the claim became due and payable, on which date the interest begins to run, Commsteel,Inc. v. Bender Construction, Inc. (December 3, 1998), Cuyahoga App. No. 74189, citations deleted.
 {¶ 8} Although a trial court is required to award pre-judgment interest on a contract claim, the Supreme Court has held a party can waive pre-judgment interest if it does not make a request, Worrell v. Multipress, Inc. (1989),45 Ohio St. 3d 241.
 {¶ 9} Civ. R. 7 requires motions shall be made in writing unless made during a hearing or trial. Our review of the record uncovered no motion for pre-judgment interest, and appellants' cross-claim does not mention pre-judgment interest. The judgment entry reflects the trial court's doubts as well.
 {¶ 10} We find appellants waived their right to pre-judgment interest, and accordingly, the trial court did not err in overruling the claim.
 {¶ 11} The first assignment of error is overruled.
 II. {¶ 12} In their second assignment of error, appellants argue the trial court should have included them in the January 3 conference call. Because there was no record of the conference call, this court cannot determine whether pre-judgment interest was one of the topics discussed. Nevertheless, because we find in I, supra, there was no request before the court, we find although the court should certainly have included all counsel, the issue is moot.
 {¶ 13} The second assignment of error is overruled.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellants.